UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| IN RE ARCH COAL, INC. et al., <br><br> Reorganized Debtors, <br><br>———————————————— <br> WAYNE ENGLISH <br><br> Appellant, <br> v. <br><br> ARCH COAL, INC. <br><br> Appellee. | Case No.: 4:17cv9 RLW |

## **MEMORANDUM AND ORDER**

This matter is before the Court on the appeal of Wayne English. This matter is fully briefed and ready for disposition.

### **BACKGROUND**

English held $140,000 the principal amount of 9.875% Senior Notes Due 2019 issued by Arch Coal, and he filed two proofs of claim in Arch Coal's Chapter 11 bankruptcy case (Claim #1066 and Claim #1068). The Claims present similar issues and do not include any reference to fraud or misrepresentation.

The Bankruptcy Court entered an order that authorized the indenture trustees for Arch Coal's debt instruments to file master proofs of claim against Arch Coal and its debtor subsidiaries. UMB Bank, National Association, filed a master proof of claim in the amount of $375 million in principal, plus more than $21 million in accrued and unpaid interest, on behalf of itself and the noteholders. (Claim #1189).

Arch Coal and its debt subsidiaries proposed a plan of reorganization (the "Plan") that provided for noteholders to receive a combination of cash and securities on account of their claims.

(Appendix A to DE 1334 at 28-29, 30-31).[1] This distribution was to be made to noteholders via the Indenture Trustee (*id.* at 37-38). The Bankruptcy Court entered an order confirming the Plan on September 15, 2016, and the Plan became effective on October 5, 2016. (DE 1334, 1356). English received the distribution provided to his class of noteholders under the Plan. (Br. 9, 11).

The Plan and the confirmation order also included a discharge of Arch Coal's debts, consistent with Section 1141(d)(1) of the Bankruptcy Code. (Appendix A to DE1334 at 60-63; DE 1334 at 51-52).

After the Plan was confirmed, Arch Coal objected to English's claims, and many others, as duplicative of the master claim filed by the Indenture Trustee (DE 1354). English provided a response that was rejected by the clerk of the Bankruptcy Court because it was not signed. (DE 1418). English later submitted his response with a signature (*id.*) and requested that the Bankruptcy consider his response timely. (DE 1446). The Bankruptcy Court sustained the objection and disallowed English's claim as duplicative. (DE 1495).

## STANDARD OF REVIEW

This Court reviews the Bankruptcy Court's findings of fact for clear error and its conclusions of law de novo. *In re Reynolds*, 425 F.3d 526, 531 (8th Cir. 2005). Reversal is appropriate if the Bankruptcy Court misunderstood or misapplied the law. *In re Usery*, 123 F.3d 1089, 1093 (8th Cir. 1997) (citing *Nangle v. Lauer (In re Lauer)*, 98 F.3d 378, 383-85 (8th Cir.1996); *Hold-Trade Int'l, Inc. v. Adams Bank & Trust (In re Quality Processing, Inc.)*, 9 F.3d 1360, 1364-66 (8th Cir.1993).

## DISCUSSION

### A. English Received his Full Recovery Through the Indenture Trustee

---

[1] DE refers to the docket entry of the Bankruptcy Court. Proofs of claims are referred to by the numbers assigned to them by the Bankruptcy Court.

English argues that the Bankruptcy Court erred in disallowing his claim for prepetition interest in the amount of $14,847.00 in violation of 11 U.S.C. §502. (ECF No. 11 at 10-12). English claims that the Bankruptcy Court did not provide any exceptions to English's prepetition interest claim and, therefore, his claim for prepetition interest should be allowed.

English, however, does not dispute that he received the distribution for which he was entitled as a holder of Arch Coal notes from the Indenture Trustee. (Br. 9, 11). The Court holds that English's claim that he should be permitted to retain that distribution and recover more is inconsistent with the Bankruptcy Code. The Bankruptcy Code provides that "[n]otwithstanding any otherwise applicable nonbankruptcy law, a plan shall provide the same treatment for each claim or interest of a particular class, unless the holder of a particular claim or interest agrees to a less favorable treatment of such particular claim or interest." 11 U.S.C. §1123(a)(4). English's request for additional "prepetition interest" is "entirely at odds with fundamental bankruptcy policy favoring equality of distribution among similarly situated creditors. In bankruptcy, multiple recoveries for an identical injury are generally disallowed." *In re Finley, Kumble, Wagner, Heine, Underberg, Manley, Myerson & Casey*, 160 B.R. 882, 894 (Bankr. S.D.N.Y. 1993). English fails to dispute that he would receive a double recovery. Instead, he asserts that he and other noteholders did not receive any distribution for interest. (Br. 11). Based upon the record, English's assertion is inaccurate. The Indenture Trustee's proof of claim included more than $21 million in accrued and unpaid interest. (Claim #1189; DE 1354 ¶45). The Plan failed to disallow claims for accrued, pre-bankruptcy interest owed to noteholders. Neither Arch Coal nor any other party in interest objected to the Indenture Trustee's claim. The claim was allowed in the full amount asserted. *See* 11 U.S.C. §502 ("A claim or interest, proof of which is filed under section 501 of this title, is deemed allowed, unless a party in interest, including a creditor of a general partner in a partnership that is a debtor in a case under chapter 7 of this title, objects.").

Thus, the Court holds that English and the other noteholders have received the full recovery provided by the Plan and he is not entitled to recover more.

**B. English Cannot Recover for Alleged Fraud or Similar Theories.**

English also claims that he was defrauded and that his claim was not discharged upon the confirmation of Arch Coal's Plan. (ECF No. 11 at 12-19). The Court denies English's claim because he is not entitled to recovery under this theory. First, neither of English's claims included a claim for misrepresentation or fraud. Rather, English's claim was for principal and interest owed on the notes. The deadline to file any proof of claim was May 27, 2016. (DE 674 at 2). Thus, even if this Court construed English's filings in connection with the claim objection as proofs of claim, they were filed after the bar date and are disallowed for that reason.

Even if he had asserted a timely fraud claim, English has not argued that his damages for fraud would exceed the principal and interest owed to him on his note. The Court notes that a fraud claim would implicate 11 U.S.C. §510 which provides that "a claim arising from ... damages arising from the purchase or sale of such a security ... shall be subordinated to all claims or interests that are senior to or equal the claim or interest represented by such security." Thus, English could not have recovered anything on his fraud claim because it would be subordinated to his other claims.

English's argument that his fraud claim could not be discharged is likewise incorrect. The exceptions to discharge outlined in Section 523(a) apply only to "an individual debtor." *See* 11 U.S.C. §523(a) ("A discharge under section 727, 1141, 1228(a), 1228(b), or 1328(b) of this title does not discharge an individual debtor from any debt..."); 11 U.S.C. §1141(d)(2) ("A discharge under this chapter does not discharge a debtor who is an individual from any debt excepted from discharge under section 523 of this title."). In contrast, the exceptions to discharge in a case involving a corporate debtor are limited and inapplicable to English's claims. *See* 11 U.S.C.

§1141(d)(2) ("the confirmation of a plan does not discharge a debtor that is a corporation from any debt" for certain fraud debts owed to domestic governmental bodies, qui tam and similar claims, and certain taxes and customs duties).

Thus, the Court holds that English cannot assert a claim for fraud or other misrepresentation which would alter the Plan already approved by the Bankruptcy Court. The Court denies English's appeal and affirms the Plan of the Bankruptcy Court.

Accordingly,

**IT IS HEREBY ORDERED** that the appeal of Wayne English of the Bankruptcy Court's decision is **DENIED**. The Orders of the Bankruptcy Court are affirmed.

An appropriate Judgment is filed herewith.

Dated this 20th day of October, 2017.

RONNIE L. WHITE
UNITED STATES DISTRICT JUDGE